IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**ANNETTE L. GOOD**
    **Debtor,**

vs.                                                                                                       Case No.: 15-20635
                                                                                                                                   Chapter 13

**ATTORNEY CLIENT SERVICES, aka**
**LAW OFFICE OF RONALD M. ORGAN, ESQ**
    A New York registered business, and
**APRYLL BOGGS, Esq.**
    **Defendants.**

## COMPLAINT

1. The Debtor, Annette Good, is a resident of Kanawha County, West Virginia.

2. The Plaintiff is a person who falls under the protection of Articles 2 and 6 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, ATTORNEY CLIENT SERVICES, is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. That ATTORNEY CLIENT SERVICES is an unregistered alter ego of Law OFFICE OF RONAL M. ORGAN, ESQ, having the same address and emails from ATTORNEY CLIENT SERVICES also showing a connection to LAW OFFICE OF RONALD M. ORGAN.

5. ATTORNEY CLIENT SERVICES does not appear to be registered as a business entity in West Virginia, or New York.

6. That LAW OFFICE OF RONALD M. ORGAN is registered with the Secretary of State for the State of New York listing the exact same address as used by ATTORNEY CLIENT SERVICES, Attached hereto as exhibit A.

1

7. The Defendant, Ms. APRYLL BOGGS is a natural person and is licensed to practice law in West Virginia.

8. The Defendants, jointly and severally entered into a contract for legal services with the Plaintiff, to wit: to modify her mortgage with the lender and to defend her in the event of a foreclosure action. See attached Exhibit B.

9. Plaintiff paid out nearly $7,800 and the only substantive thing that was done by the defendants was the drafting of a Quit Claim deed.

10. Beginning in September 2015 Defendant, ATTORNEY CLIENT SERVICES engaged in a pattern of requesting documents from Plaintiff to submit to the lender for the purposes of getting her loan modified but that the lender had no record of either of the Defendants doing anything on behalf of the Plaintiff.

11. On or about September 2, 2015 ATTORNEY CLIENT SERVICES requested 30 days of pay stubs, 60 days of bank statements, 2014 tax returns, recent utility bill and monthly expense information.

12. On or about September 30, 2015 ATTORNEY CLIENT SERVICES requested 2013 & 2014 tax returns, additional bank account statements, pay check stubs and other documentation.

13. On or about October 12, 2015 ATTORNEY CLIENT SERVICES requested additional documents.

14. On or about November 2015 ATTORNEY CLIENT SERVICES requested updated pay check stubs.

15. On or about December 2015, Plaintiff received notice of foreclosure from her mortgage holder and the sale date having been set as December 17, 2015.

16. Subsequent to receiving the foreclosure notice Debtor contacted APRYLL BOGGS and was advised that she should file bankruptcy and no further discernable action was taken by APRYLL BOGGS to defend against the foreclosure in spite of the retainer agreement.

17. When Plaintiff inquired with her mortgage holder about the modification that the defendants were working on, the mortgage holder denied any knowledge or that either defendant had contacted them on behalf of Plaintiff.

18. Due to the unfair and deceptive trade practices of the defendants, Plaintiff was forced to file bankruptcy, which is currently pending in the United States Bankruptcy Court, Southern District of West Virginia, 2:15-bk-20635.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

19. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

20. The Defendants have engaged in repeated violations of Article 6 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. Passing off the services as those of another in violation of *West Virginia Code* §46A-6-7(A);

    b. Causing confusion or of misunderstanding as to the affiliation, connection or association between Ms. APRYLL BOGGS and ATTORNEY CLIENT SERVICES in violation of *West Virginia Code* §46A-6-7(B);

    c. Engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding in violation of *West Virginia Code* §46A-6-7(B);

## COUNT II

## *COMMON LAW NEGLIGENCE*

21. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

22. Defendants had a duty to Plaintiff to use due care in working with her mortgage holder to modify her mortgage.

23. Defendants breached their duty to Plaintiff in that her mortgage holder had no record of either defendant working on a loan modification for the benefit of Plaintiff.

24. Plaintiff was forced to file bankruptcy to save her home from foreclosure.

25. As a result of the Defendants' failures, Plaintiff has spent additional sums of money to file the bankruptcy, annoyed, embarrassed and harmed.

## COUNT III

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

26. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

27. The following conduct of Defendants was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. Defendants repeatedly assured Plaintiff that they were working to resolve her mortgage loan modification by repeatedly asking for additional paperwork.

    b. Defendants allowed Plaintiff's home to go into foreclosure and failed to defend the foreclosure action;

    c. Such actions by the Defendants were reckless or intentional; and

    d. Defendants failures to contact the mortgage lender or defend the foreclosure action were extreme and outrageous.

28. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

29. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### Violations of the West Virginia Rules of Professional Conduct

30. The Debtor incorporates the previous paragraphs as if fully set forth herein.

31. That APRYLL BOGGS and ATTORNEY CLIENT SERVICES violated Rule 1.1 of the West Virginia Rules of Professional Conduct by not providing competent representation to the debtor.

32. APRYLL BOGGS nor ATTORNEY CLIENT SERVICE never filed anything with the debtor withdrawing as counsel in the matter.

33. That, after agreeing to defend the debtor in any future foreclosure action to fail to do so and advise the debtor to file bankruptcy is not competent representation.

34. By information and belief, that APRYLL BOGGS and ATTORNEY CLIENT SERVICES did not work with the mortgage servicer, HSBC to modify the loan, as they were hired to do and therefore there was no reasonable diligence in representing the debtor.

35. Such violations of the Rules of Professional Conduct are unfair and deceptive within the laws of West Virginia.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendants:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of

this complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Debtor be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e. The Debtor be granted general damages and punitive damages for Defendant's conduct alleged in Count III listed supra;

f. The debtor be granted general and punitive damages for the Defendants' conduct alleged in Count IV listed supra; and

g. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**ANNETTE L. GOOD**
**By Counsel**

BY: _____
Benjamin Sheridan (# 11296)
Daniel K. Armstrong (#11520)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115