Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br><br>ANNETTE L. GOOD,<br><br>Debtor. | CASE NO. 2:15-bk-20635<br><br>CHAPTER 13<br><br>JUDGE VOLK |
| ANNETTE LEE GOOD,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY CLIENT SERVICES, aka LAW OFFICE OF RONALD M. ORGAN, ESQ, a New York registered business, and APRYLL H. BOGGS, ESQ,<br><br>Defendants. | ADVERSARY PROCEEDING NO. 2:16-ap-02031 |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO SET ASIDE DEFAULT**

Pending is Defendant Apryll H. Boggs' Motion to Set Aside Default and any Judgment by Default [Dckt. No. 49].

**I.**

On March 6, 2016, Plaintiff Annette Good initiated this adversary proceeding. [Dckt. No. 1]. On March 7, 2016, copies of the summons and complaint were mailed to the Defendants. [Dckt. No. 2]. On March 17, 2016, after the first summons and complaint mailed to Ms. Boggs were returned for insufficient address, counsel for Ms. Good mailed a second summons and complaint to her address appearing on the West Virginia State Bar Association website. [Dckt. No. 5]. Again, service was not perfected. From January 2016 through March 2016, however, Ms.

Boggs concedes that she was in contact with Ms. Good's counsel "regarding service of the above-captioned Complaint" and that she repeatedly denied any waiver of service due to "strong evidence" that she has no liability in the matter. [Dckt. No. 49].

On June 10, 2016, counsel for Ms. Good moved to serve Ms. Boggs' at her home address. [Dckt. No. 9]. After exhausting all efforts, including personal service and service by the Putnam County Sheriff, counsel for Ms. Good moved for service by publication. On November 3, 2016, the Court entered an order permitting service upon Ms. Boggs by publication. [Dckt. No. 23]. Publication of the Notice of Summons was made once a week for three consecutive weeks between November 25, 2016 and December 9, 2016. [Dckt. No. 27]. Ms. Boggs did not respond.

After obtaining an Entry of Default by the Clerk, the Court granted Ms. Good's Motion for Default Judgment against both Defendants on February 27, 2017. [Dckt. No. 39].

A hearing to determine damages was scheduled for March 8, 2017, in Charleston. By happenstance, Ms. Good appeared telephonically in another, unrelated matter. Upon recognition of default, the Court requested Ms. Boggs remain on the line, after which she agreed to appear and she was allotted two weeks to respond to the default. The hearing on damages was continued. [Dckt. No. 44]. On March 22, 2017, Ms. Boggs moved to set aside default, and the matter was heard in late April 2017.

## II.

**A.    Governing Standard**

Federal Rule of Civil Procedure 55 is made applicable in bankruptcy proceedings pursuant to the Federal Rule of Bankruptcy Procedure 7055. Rule 55(c) provides "[t]he court may set aside an entry of default for good cause, and may set aside a final default judgment under Rule

60(b)." Fed. R. Civ. P. 55(c). Courts prefer entering judgment on the merits; thus the standard by which to set aside default is forgiving. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Generally speaking, any flicker of a meritorious defense is sufficient to set aside default and proceed on the merits. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.").

Our court of appeals has established identical factors for considering both a motion to vacate the entry of default under Rule 55(c) and a motion to vacate default judgment under Rule 60(b), as follows: "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Redden v. Monitoronics Int'l, Inc.*, No. 5:14-CV-27757, 2015 WL 12859350, at *1 (S.D.W. Va. Feb. 19, 2015) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

As our court of appeals observed long ago, "The disposition of motions made under Rules 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (cited in *United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015).

**B.    Analysis**

During the April 2017 hearing in this matter, Ms. Boggs repeatedly asserted she bears no liability in this matter. At all relevant times in Ms. Good's complaint, Ms. Boggs asserts

3

that she was no longer employed by the co-Defendant, Attorney Client Services. This could conceivably exonerate her from liability. Having considered the remaining factors, the Court concludes, given the strong emphasis on adjudicating cases on their merits, that default should be set aside.

Despite that generous outcome, Ms. Boggs is **NOTICED** that no further default on her part will be excused in this matter. Her lack of cooperation in discovery, failure to appear at scheduled conferences, untimely responses to motion practice or any other act of evasion may, and likely will, result in sanctions up to and including the ultimate sanction of default judgment. Having set aside the default, the time and opportunity to defend this action is at hand and it is expected Ms. Boggs will seasonably attend to her litigation obligations.

It is, accordingly, **ORDERED** that Ms. Boggs' Motion to Set Aside Default and any Judgment by Default be, and hereby is, **GRANTED**. The damages hearing in this matter is continued pending the further order of the Court, with Ms. Good given leave to seek the rescheduling of a continued hearing on that matter upon the earlier of Judgment being entered as to either Ms. Good or Ms. Boggs in this matter or a further adjudication of default against Ms. Boggs.

The Clerk is directed to prepare for entry a scheduling order that allots 90 days for discovery, along with the usual case events and intervals to follow thereafter.